**Salvador FLORES–QUEZADA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–72636.

Agency No. A74–317–347.

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2005.*

Decided June 17, 2005.

Christopher J. Stender, Esq., Stender & Associates, Phoenix, AZ, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, District Counsel, U.S. Immigration & Naturalization Service Office of the District Counsel, Phoenix, AZ, OIL, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before KLEINFELD, TASHIMA, and THOMAS, Circuit Judges.

MEMORANDUM **

Salvador Flores–Quezada, a native and citizen of Mexico, petitions for review of a final order of removal issued by the Board of Immigration Appeals affirming an immigration judge's order denying his request for suspension of deportation under Section 244(a) of the Immigration and Nationality Act, 8 U.S.C. § 1254(a) (1994) (repealed).

Under the "transitional rules" of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"),[1] we lack jurisdiction to review the denial of the request for suspension of deportation because that decision was based on a discretionary determination that Flores–Quezada failed to establish the requisite extreme hardship. *Kalaw v. INS,* 133 F.3d 1147, 1149–50 (9th Cir. 1997).

Flores–Quezada's contention that the Board's failure to articulate reasons for its decision violated his right to due process is foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 851 (9th Cir.2003) (holding that the Board's affirmance of an immigra-

---

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

1. Flores–Quezada's case is governed by the transitional rules because he was placed in deportation proceedings prior to April 1, 1997, and the Board's decision under review was issued more than thirty days after September 30, 1996. IIRIRA § 309(c)(4)(E), Pub.L. No. 104–208, 110 Stat. 3009–626 (1996).

tion judge's decision without issuing an opinion does not violate due process).

Flores–Quezada's contention that he is entitled to relief because his removal would violate the federal substantive due process rights of his United States citizen children—who, he says, would likely accompany their father to Mexico and would therefore be deprived of their right under the Arizona state Constitution to an education—is likewise foreclosed. *See Urbano De Malaluan v. INS,* 577 F.2d 589, 594 (9th Cir.1978) (observing that the argument that "the deportation order would amount to a de facto deportation of the child and thus violate the constitutional rights of the child ... has been authoritatively rejected in numerous cases.") (citations omitted).

PETITION DISMISSED IN PART AND DENIED IN PART.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.